IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| JOHN ANTHONY CAPERS, ) | C/A No.: 2:05-2143-DCN |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**CRIME AND PUNISHMENT**

John Anthony Capers ("Capers" or "Petitioner") was one of 17 defendants charged in a 31-count Superseding Indictment filed on October 14, 1992. He was charged in Count 1 with conspiring to possess with intent to distribute and to distribute a quantity of cocaine and crack cocaine from January 1987 until the date of the indictment and with several substantive counts of possessing crack with intent to distribute.

After a trial of several weeks, on March 31, 1993, a jury found Capers guilty of Counts 1 and 4. On July 26, 1993, the undersigned sentenced him to concurrent terms of imprisonment of 210 months on each count. Capers and six of his co-defendants appealed to the Fourth Circuit Court of Appeals which affirmed his conviction and sentence. United States v. Capers, 61 F.3d 1100 (4th Cir. 1995). After the Fourth Circuit denied his petition for rehearing, Capers filed a Petition for Writ of Certiorari which was denied on May 20, 1996.

On July 22, 1998, the defendant submitted a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. That motion was denied and Capers appealed. The Fourth Circuit dismissed his appeal and denied a certificate of appealability on June 21, 1999. On January 29, 2001, Capers filed another motion pursuant to 28 U.S.C. § 2255 which was dismissed by an Order filed on July 26, 2001. Subsequently, Capers filed a Motion to Reduce Sentence on March 31, 2003, which was dismissed on July 8, 2003, as being outside the one-year statute of limitation established by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). On September 5, 2003, Capers submitted a petition pursuant to 28 U.S.C. § 2241(b)(3) claiming that he was being illegally detained in violation of the Constitution or laws or treaties of the United States. In his Report and Recommendation, United States Magistrate Judge Joseph R. McCrorey held that, pursuant to 28 U.S.C. § 2244(b)(3), Capers needed first to obtain permission from the Fourth Circuit Court of Appeals. This court affirmed Magistrate Judge McCrorey's recommendation and dismissed Capers' petition without prejudice on October 3, 2003. On July 28, 2005, Capers filed the instant motion pursuant to 28 U.S.C. § 2255.

## JURISDICTION

Capers' motion is barred from review by the AEDPA one-year statute of limitations. The applicable part of the statute provides:

> A 1-year period of limitations shall apply to a motion under this section. The limitation period shall run from the latest of--
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the

2

> United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. "[A]bsent the issuance of a suspension order by the Court or a Justice thereof, as contemplated by Rule 16.3 (of the Supreme Court Rules), the judgment of conviction of a prisoner who has petitioned for certiorari becomes final for purposes of the one-year period of limitation in § 2255 ¶ 6(1) when the Supreme Court denies certiorari after a prisoner's direct appeal." United States v. Segars, 271 F.3d 181, 186 (4th Cir. 2001). Since the Supreme Court denied Capers' Petition for Writ of Certiorari on May 20, 1996, his judgment of conviction became final on that date. Therefore, his time for filing a petition pursuant to 28 U.S.C. § 2255 expired on May 20, 1997, unless one of the other trigger events occurred.

Capers has not claimed that any unconstitutional action by the Government prevented him from filing a timely motion nor has he asserted any right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Capers has failed to allege any recently discovered facts supporting his claim which could not have been discovered through the exercise of due diligence.

Since Capers has shown no reason why the statute of limitations should have run from anything other than the date his judgment of conviction became final, his third or

3

fourth motion must be dismissed as untimely.

## **NO SECOND BITE AT THE APPLE**

Capers' Motion is a successive filing for relief under 28 U.S.C. § 2255. The applicable part of the statute states:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain-
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255 ¶ 8. See also United States v. Winestock, 340 F.3d 200, 205 (4th Cir.2003)(a prisoner seeking to file a successive application in the district court must first obtain authorization in the appropriate court of appeals). In the absence of pre-filing authorization, a district court lacks jurisdiction to consider habeas applications containing abusive or repetitive claims. Winestock, 340 F.3d at 205.

Capers' previously filed a motion pursuant to 28 U.S.C. § 2255 on January 29, 2001. Consequently, this Court lacks jurisdiction to consider his current motion unless he has received a pre-filing certification (or authorization) from the Fourth Circuit Court of Appeals.

**THEREFORE**, the Government's motion to dismiss is **GRANTED**.

**AND IT IS SO ORDERED**.

_____
DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

December 21, 2005

Charleston, SC